**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 10, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARY LARRIEU,

      Plaintiff-Appellant,

v.

BEST BUY STORES, L.P.,

      Defendant-Appellee.

No. 11-1387
(D.C. No. 10-cv-01883-CMA-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

This case is before us following the Colorado Supreme Court's answer to a question of state law we certified to it. *See Larrieu v. Best Buy Stores, L.P.*, 491 F. App'x 864 (10th Cir. 2012). That answer is dispositive of this appeal and requires us to reverse.

In this case, Gary Larrieu sued Best Buy under Colorado's premises liability statute. The district court granted summary judgment to Best Buy, holding that Colorado's premises liability statute applied only to activities and

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

circumstances "inherently related to the land," and that the accident in this case didn't qualify. Dist. Ct. Op. at 7. In response to our certified question, the Colorado Supreme Court has now explained that the scope of the premises liability statute is not confined to activities and circumstances "inherently related to the land." We are, accordingly, obliged to reverse the district court's grant of summary judgment and to remand the case for further proceedings consistent with the opinion of the Colorado Supreme Court.

We thank the Colorado Supreme Court for taking up our question.

Reversed and remanded.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge